UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Manning, Hatchett, & Associates
Consulting Group LLC and Antonio
Manning,

    Plaintiffs,

v.                                                                          Case No. 16-13391

J.P. Morgan Chase & Company and                  Sean F. Cox
J.P. Morgan Chase National Corporation,          United States District Court Judge

    Defendants.
_____/

## ORDER DISMISSING ACTION
## FOR LACK OF SUBJECT MATTER JURISDICTION

Acting *pro se*, Plaintiffs filed this action on September 19, 2016, asserting subject matter jurisdiction through diversity of citizenship pursuant to 28 U.S.C. §1332.

"[F]ederal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." *Douglas v. E.F. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998).

Having reviewed Plaintiffs' Complaint, this Court was not persuaded that Plaintiffs have adequately alleged the necessary facts to establish the existence of diversity jurisdiction. Accordingly, the Court ordered Plaintiffs to show cause why this case should not be dismissed for lack of subject matter jurisdiction. The Court ordered Plaintiff's to show cause, in writing, no later than October 14, 2016, why this action should not be dismissed for lack of jurisdiction.

To date, however, Plaintiffs have failed to respond to the Show Cause Order.

The Court shall dismiss this action for lack of subject matter jurisdiction. Under 28 U.S.C. §1332(a), the two requirements for diversity jurisdiction are: 1) that the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and 2) that complete diversity of citizenship exists between the disputing parties.

Among other things, Plaintiffs have failed to establish the existence of complete diversity in this action.

Plaintiffs' Complaint indicates that Plaintiff Antonio Manning is a citizen of Michigan. That means that if either of the Defendants are also citizens of Michigan, there is not complete diversity of citizenship in this action and the Court lacks subject matter jurisdiction.

For diversity purposes, a corporation is deemed to be a citizen of any state in which it has been incorporated and, additionally, of the state in which it has its principal place of business. 28 U.S.C. §1332(c)(1). Because Defendants are corporations, each of them is therefore deemed to be a citizen of the state in which it was incorporated and the state in which it has its principal place of business.

Plaintiffs' Complaint alleges that Defendants are "incorporated in Michigan." As such, Plaintiffs' Complaint indicates that there is not complete diversity in this action.

Accordingly, the Court **ORDERS** that this action is **DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.**

**IT IS SO ORDERED.**

                                                    S/Sean F. Cox
                                                    Sean F. Cox
                                                    United States District Judge

Dated: October 18, 2016